UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ANGELO OCHOA,<br>Plaintiff,<br>v.<br>GARCIA, et al.,<br>Defendants. | Case No. 1:26-cv-03037-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE AND REVISE THE DOCKET<br><br>FINDINGS AND RECOMMENDATIONS, THAT THIS CASE PROCEED ONLY ON PLAINTIFF'S EIGHTH AMENDMENT FAILURE TO PROTECT CLAIM AGAINST DEFENDANT GARCIA<br><br>(ECF No. 10)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Victor Angelo Ochoa is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 6). In his first amended complaint, he sues three correctional officers alleging that they failed to protect him from being assaulted by a fellow inmate in violation of the Eighth Amendment and were negligent in violation of California state law. (ECF No. 10).

The amended complaint is now before the Court for screening. Upon review, the Court concludes that Plaintiff's first amended complaint should proceed past screening only on Plaintiff's claim that Defendant Garcia failed to protect him from being assaulted by a fellow inmate in violation of the Eighth Amendment.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may screen the complaint on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. INITIAL COMPLAINT AND SCREENING ORDER[1]

Plaintiff filed his initial complaint on April 22, 2026, concerning events that occurred at Kern Valley State Prison ("KVSP"). (ECF No. 1). Plaintiff sued correctional officers Garcia, Parra, and Doe. (*Id.* at 2). Plaintiff alleged that, on June 24, 2025 between 2:30-3:00 p.m., Defendant Garcia was directly escorting Plaintiff, who was handcuffed behind his back, to his cell in Restricted Housing Unit administrative segregation.[2] (*Id.* at 5, 8). At the same time, Parra was escorting another inmate who had his hands cuffed at his waist chains. (*Id.*). The inmate waited for Plaintiff to approach the exit and then broke free from Parra's escort, used a self-made key to release his hands from his waist chains, and stabbed Plaintiff with an inmate manufactured weapon. (*Id.* at 9-10). Defendants Garcia and Parra responded to the attack with pepper spray only. (*Id.* at 9).

The inmate injured Plaintiff's liver and lung, for which Plaintiff required emergency surgery. (*Id.*).

Plaintiff alleged that Defendant Garcia was negligent and failed to protect him from the attack in violation of the Eighth Amendment. Plaintiff further alleged that Defendant Parra was negligent in failing to properly strip search the other inmate for contraband in violation of policy, in allowing the inmate to unlock himself from his waist chains, and in allowing the

---

[1] For readability, minor alterations, like omitting capitalization, have been made throughout to some of Plaintiff's quotations without indicating each change.

[2] In his complaint, Plaintiff incorporated his grievance regarding the incident into his recitation of facts supporting his claims. (ECF No. 1 at 3).

inmate to wait near the exit until Plaintiff approached.[3]

Plaintiff sought compensatory and punitive damages of $5,000,000 from both Defendants Garcia and Parra. (*Id.* at 4).

The Court screened Plaintiff's complaint on June 22, 2026 and concluded that he failed to state any cognizable claims. (ECF No. 7 at 6). The Court provided Plaintiff with the standards for potentially relevant claims including a failure to protect in violation of the Eighth Amendment and negligence in violation of state law. (*Id.* at 4-6). Regarding negligence, the Court noted that:

> …California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1243.

(*Id.* at 6).

The Court's screening order gave Plaintiff leave to amend his complaint. (*Id.* at 7)

## III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff filed his first amended complaint on August 17, 2026. (ECF No. 10). He again names as defendants: (1) Garcia, employed as a correctional officer at KVSP and worked in administrative segregation on June 24, 2025; and (2) Parra, also employed as a correctional officer at KVSP and worked in administrative segregation on June 24, 2025. Plaintiff also names Defendant Jane Doe, employed as a correctional officer at KVSP and working in the tower on June 24, 2025.

In his amended complaint, Plaintiff re-states most of the factual allegations from his original complaint. However, Plaintiff adds additional facts about the incident on June 24,

[3] While Plaintiff named Defendant Doe in the caption, he did not allege specific factual allegations against Doe. (ECF No. 1).

2025. Specifically, Plaintiff alleges that someone sounded an "active alarm."[4] The fellow inmate broke free from Defendant Parra's direct escort and, with weapon in hand, started running toward Plaintiff, who was handcuffed behind his back and was being escorted by Defendant Garcia. (*Id.* at 1, 4). Plaintiff alleges that Defendant Garcia heard the active alarm, saw the inmate with a manufactured knife running toward Plaintiff, and did not act to protect Plaintiff or otherwise prevent the inmate from stabbing Plaintiff in the chest and back. (*Id.* at 4-5, 8).

In his amended complaint, Plaintiff again alleges that Defendant "Parra's negligence to properly secure and search the inmate for any contraband and failure to surveil the inmate unlocking his handcuff with a self-made key" while waiting for Plaintiff at the exit contributed to the attack on Plaintiff. (*Id.* at 5). Plaintiff alleges "[m]y 8th Amendment was violated by c/o Parra's negligence." (*Id.* at 6).

As to Defendant Jane Doe, Plaintiff alleges that "[s]he was working in the tower at the time of the assault" and was aware of the "active alarm," as she yelled at the prisoners in segregation to get down. (*Id.* at 2). Defendant Doe also saw the inmate with the knife approaching Plaintiff and did not deploy a non-lethal weapon that shoots 40 mm rubber bullets to fight off the attacker and prevent Plaintiff from being stabbed. (*Id.*).

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see*

---

[4] It is unclear whether the alarm sounded before or after the other inmate broke from Defendant Parra's direct escort.

*also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell*, 436 U.S. at 691.

**B. Failure to Protect**

Plaintiff brings an Eighth Amendment claim against Defendants Garcia, Parra, and Doe based on an alleged failure to protect him from assault by another inmate.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and quotation marks omitted). Among other things, the Eighth Amendment requires prison officials to "take

reasonable measures to guarantee the safety of . . . inmates." *Id.* (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 834 (citation and quotation marks omitted). To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Id.* at 837.

"'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847). "[I]n order to satisfy the objective prong, it is enough for the inmate to demonstrate that he was exposed to a substantial risk of some range of serious harms; the harm he actually suffered need not have been the most likely result among this range of outcomes." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1076 (9th Cir. 2013).

Under these legal standards, for the purposes of screening only, Plaintiff's amended complaint states an Eighth Amendment claim for failure to protect against Defendant Garcia only. Plaintiff alleges that Defendant Garcia knew the situation posed an excessive risk to his safety because Garcia heard the ongoing active alarm and saw the other inmate, without his handcuffs and holding a manufactured knife, run at Plaintiff who was at Garcia's side and under his direct escort. Plaintiff then alleges that Defendant Garcia disregarded this risk by failing to take reasonable measures, such as tactical maneuvers, to prevent the attack or subdue the inmate before he stabbed Plaintiff.

However, the Court concludes that Plaintiff has not sufficiently alleged facts indicating that Defendant Doe acted with deliberate indifference in failing to protect Plaintiff. Plaintiff alleges that Defendant Jane Doe was working in the tower, heard the active alarm, and told

inmates to get down, but did not use a non-lethal weapon against the attacking inmate. However, these facts, even if true, fail to show that the Doe Defendant was aware of the excessive risk to Plaintiff, could have prevented the attack, and deliberately failed to act to protect Plaintiff. At most Plaintiff states a claim for negligence against Defendant Doe by arguing that Defendant Doe could have done more from her place in the tower to protect him specifically. But as discussed below, Plaintiff has failed to comply with requirements of a negligence claim against Defendant Doe.

Likewise, Plaintiff fails to state a constitutional claim for failure to protect against Defendant Parra. Notably, Plaintiff does not allege that Defendant Parra subjectively knew Plaintiff faced an excessive risk before the attack and failed to act to prevent it. Instead, while Plaintiff references Defendant Parra and the "8th Amendment," Plaintiff repeatedly states that Defendant Parra's "negligence" caused his injuries. (ECF No. 10 at 6 ("My 8th Amendment was violated by the c/o Parra's negligence…The c/o's negligence caused me to be stabbed and possible death…how did he break free from c/o Parra's direct escort?...This negligence and non-prompt defense caused a fatal attack on my life….")).

Accordingly, the Court finds that Plaintiff does not state a claim for failure to protect in violation of the Eighth Amendment against Defendant Parra.

**C. Negligence**

Plaintiff's amended complaint also brings a state-law negligence claim against Defendants Garcia and Parra. Plaintiff asserts generally that Defendant Garcia was negligent in failing to protect him, while Defendant Parra was negligent when he failed to properly strip search the other inmate for dangerous contraband, allowed the inmate to wait by the exit, and failed to subdue the inmate when he broke free from Parra's escort. (ECF No. 10 at 2, 5).

However, as the Court previously advised Plaintiff in its June 22, 2026 Screening Order (ECF No. 7 at 5-6), California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.

Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1243.

Here, Plaintiff's amended complaint once again failed to allege compliance with California's Government Claims Act.

Accordingly, Plaintiff cannot maintain a negligence claim against any Defendant in this case.

## V. CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court has screened Plaintiff's first amended complaint and concludes that it only states a claim against Defendants Garcia for failing to protect him from being assaulted by a fellow inmate in violation of the Eighth Amendment. The Court will recommend that all other claims and defendants be dismissed without further leave to amend. Notably, the initial screening order addressed similar allegations, advised Plaintiff how they were deficient, provided applicable legal standards, and granted him leave to amend.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court shall assign a District Judge to this case.
2. The Clerk of Court shall revise the docket to add Jane Doe as a Defendant.

Further, IT IS RECOMMENDED as follows:

1. This case proceed on Plaintiff's claim that Defendant Garcia failed to protect him from being assaulted by a fellow inmate in violation of the Eighth Amendment.
2. All other claims and Defendants Parra and Jane Doe be dismissed without prejudice and without further leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may

file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 5, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE